IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

1

2    EDGARDO RIVERA BORRERO,

3    Plaintiff

4

5    v.                                                    CIVIL 98-1268 (SEC)

6    GLADYS RIVERA CORREA, et al.,

7    Defendants

8    _____

9

10    MAGISTRATE'S REPORT AND RECOMMENDATION

11

12    On March 11, 1998, plaintiff pro se Eduardo Rivera Borrero filed a civil rights action

13    pursuant to 42 U.S.C. § 1983 against Gladys Rivera Correa (Director of Inmate

14    Classification for the Administration of Corrections), Sarah Torres (Correctional Services

15    of Puerto Rico Counselor) and José L. Maldonado (Director and President, Administration

16    of Corrections Classification Committee).  Plaintiff alleges that he is being held in medium

17

18    security which caused and continues to cause him and his family mental anguish, thus

19    violating his liberty rights.  Plaintiff asks the court to address the civil rights violations

20    against his person and order the Administration of Corrections to relocate him to minimum

21

22    security.  (Docket No. 2.)

23    On December 7, 1998, defendants filed a motion to dismiss the complaint pursuant

24    to the Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which

25

26    relief could be granted.  (Docket No. 21.)  Defendants seek dismissal on the grounds that

AO 72
(Rev 8/82)

CIVIL 98-1268 (SEC)                    2

1

2

3   they are entitled to the defense of qualified immunity, that plaintiff has failed to state a

4   claim under 42 U.S.C. § 1983, and that claims for monetary damages are barred by the

5   Eleventh Amendment of the United States Constitution.

6

7           On December 23, 1998, petitioner filed "Moción en oposición de desistimiento"

8   (plaintiff's opposition).  (Docket No. 24.)  Plaintiff reiterates his relocation to medium

9   security is a violation of his rights because the procedure followed by the institution is

10  arbitrary and therefore represents a violation to his civil rights.  Petitioner also alleges that

11  his relocation to medium security, when he should be in minimum security, is the result

12  of applying an "ex post facto" law and a bill of attainder in violation of U.S. Const. art. 1,

13  § 9, cl. 3.  Petitioner contends that this court should not dismiss the complaint because

14

15  defendants did not act according to law and refused the plaintiff his basic constitutional

16  rights by acting arbitrarily, capriciously and with full knowledge of the facts.

17

18          Plaintiff further contends his complaint should not be disregarded because

19  defendants have not complied with the court's order to submit Corrections Administration

20  Inmate Classification Manuals as well as any other applicable memorandums pertaining to

21  inmate classification procedure.

22

23          On October 14, 1999, defendants submitted a reply to plaintiff's opposition (Docket

24  No. 34) informing the court that on January 21, 1999 defendants submitted the documents

25  requested.  Defendants also argue that plaintiff amended his original pleadings in his

26

AO 72
(Rev 8/82)

CIVIL 98-1268 (SEC)                    3

1

2

"Moción en oposición de desistimiento," in violation of Rule 15 of the Federal Rules of

3

4   Civil Procedure.

5                                    ANALYSIS

6
        The standard for assessing the adequacy of a civil rights claim, when confronted with
7

8   a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), is whether,

9   accepting the factual allegations in the complaint as true, and construing those facts in the

10  light most favorable to the plaintiff, the pleading shows any facts which could entitle the

11
    plaintiff to relief.  See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).
12

13  When a plaintiff complaining of civil rights violations is representing himself, his complaint

14  must be read with an extra degree of solicitude.  See Haines v. Kerner, 404 U.S. 519, 520-

15
    21 (1972); Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991).  A motion to dismiss a *pro*
16

17  *se* complaint filed pursuant to 42 U.S.C. § 1983 will only be granted if "it appears 'beyond

18  doubt that the plaintiff can prove no set of facts in support of his claims which would

19  entitle him to relief.'" Haines v. Kerner, 404 U.S. at 520-21 (quoting Conley v. Gibson,

20
    355 U.S. 41, 45-46 (1957)); see also Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st
21

22  Cir. 1994).

23  I. MEDIUM CUSTODY TO MINIMUM CUSTODY

24
        It is sufficiently well settled that certain terms of confinement may trigger a violation
25

26  of the Eighth Amendment, see Hutton v. Finney, 437 U.S. 678, 685 (1978).  However, in

CIVIL 98-1268 (SEC)                    4

1

2

3   general, plaintiff has no right to dictate the classification of his confinement, particularly

4   if the condition he suffers under is "within the normal limits or range of custody which the

5   conviction has authorized the State to impose." Sandin v. Conner, 515 U.S. 472, 478

6   (1995); Meachum v. Fano, 427 U.S. 215, 225 (1976). Agents of prison officials in general

7

8   do not violate the Eighth Amendment if such actions are the result of a legitimate penal

9   interest. See Whitley v. Albers, 475 U.S. 312, 321-22 (1986); Collazo León v. United

10  States Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).

11

12          Plaintiff finds himself under the custody of the Puerto Rico Administration of

13  Corrections in medium security custody. He was sentenced to 108 years for committing

14  murder in the first degree P.R. Laws Ann. tit. 33, § 4001, resistance or obstruction of public

15  authority P.R. Laws Ann. tit. 33, § 4493, aggravated battery P.R. Laws Ann. tit. 33, § 4032,

16

17  art. 404, Controlled Substance law, and violation of articles 4, 6 and 8 of the Puerto Rico

18  Weapons Law. After his incarceration, on March 4, 1988, plaintiff attempted to escape.

19  On May 25, 1989 plaintiff managed to escape confinement and remained a fugitive until

20

21  February 8, 1991. All charges pertaining to the plaintiff's escape were disregarded by the

22  Superior Court of Puerto Rico under P.R. Laws Ann. tit. 34 app. II, R. 64(n)(5), failure to

23  hold preliminary hearing within 30 days.

24          On June 26, 1997, the Corrections Classification Committee declined plaintiff's

25

26  request to be reclassified to minimum security. On September 8, 1997, defendant Gladys

CIVIL 98-1268 (SEC)                    5

Rivera Correa wrote plaintiff to inform him of the determination of the Classification

Committee. She stated the Committee's declination of plaintiff's request for minimum

security custody was due in part to the fact that plaintiff had a long sentence and, although

charges were dismissed, the Committee could not overlook the fact petitioner had tried to

escape once and had been a fugitive for a year and nine months.

Petitioner appealed the Committee's decision to the Puerto Rico Circuit Court of

Appeals (San Juan Regional Circuit I- Panel IV) under Case No. KLRA9700628. The court

dismissed his petition for judicial review of the Committee's decision as untimely.

Plaintiff spent three and a half years in maximum security after the escape charges

were dismissed. He was later transferred to medium security were he has spent the rest of

his time up to the present. He alleges he is entitled to a minimum security classification

because Administration of Correction Manual OA-87-07, appendix C, Annex I, page 12

(Docket No. 10) states "attempts to escape or escapes from any institution within the last

five years will not be taken into account when filling out an inmate's security level

evaluation." Plaintiff notes that more than five years have passed since his escape attempt

and escape.

On the other hand plaintiff disregards the fact that Administration of Corrections

Manual OA-87-07, Appendix C, Annex I, pages 16-17 also contains discretional

modification to place a prisoner in a higher level of custody. Among the discretional

CIVIL 98-1268 (SEC)                    6

1

2

3    modifications that can be taken into account are: "the severity of the crime committed

4    and/or the history of being a continuous threat of escape or trying to escape. For

5    reclassification purposes these attempts or escapes might have occurred over five years from

6    the time of evaluation, since the severity of these attempts or escapes was so high they are

7

8    taken into account when rendering a final custody level determination."

9        In short, there is no violation of a federally protected right violated in this case.

10   Thus, there is no civil rights violation.

11
     II. QUALIFIED IMMUNITY
12

13       The defendants raise the defense of qualified immunity. Qualified immunity shields

14   government officials who are performing discretionary functions from civil damages as long

15   as their conduct does not violate a clearly established statutory or constitutional right of

16
     which he or she should have reasonably known. Febus-Rodríguez v. Betancourt-Lebrón,
17

18   14 F.3d 87, 91 (1st Cir. 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982));

19   St. Hilaire v. Laconia, 885 F. Supp. 349, 356 (D.N.H. 1995). For a right to be clearly

20
     established, "[t]he contours of the right must be sufficiently clear that a reasonable official
21

22   would understand that what he is doing violates that right." Horta v. Sullivan, 4 F.3d 2,

23   13 (1st Cir. 1993) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

24

25

26

AO 72
(Rev 8/82)

CIVIL 98-1268 (SEC)                    7

1

2

3
Plaintiff has failed to outline which of his rights were infringed by the defendants'

4
conduct and has also failed to show that such conduct violated clearly established statutory

5
or constitutional rights of which they should have reasonably known.

6
III. ELEVENTH AMENDMENT

7

8
The defendants argue that the Eleventh Amendment to the United States

9
Constitution bars the current complaint against them. The Eleventh Amendment states:

10
> The jurisdictional power of the United States shall not be
11
> construed to extend any suit in law or equity, commenced or
> prosecuted against one of the United States by citizens of
12
> another state or by citizens or subjects of any foreign state.

13
For the purposes of the Eleventh Amendment, Puerto Rico is afforded the same

14
rights as a state and therefore any private suit against the Commonwealth of Puerto Rico

15

16
is barred. See, e.g., Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 777 n.7 (1st

17
Cir. 1991).

18
The Eleventh Amendment applies not only to states but also to state agencies acting

19

20
as "alter egos" to the state. See Ainsworth Aristocrat Int'l Party, Ltd. v. Tourism Co. of

21
Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987) (quoting Mount Healthy City Sch. Dist.

22
Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

23
There can be equally little doubt that the Administration of Corrections is an alter

24

25
ego of the Commonwealth of Puerto Rico and therefore certain suits against it are likewise

26

CIVIL 98-1268 (SEC)                              8

1

2

3    barred.  See, e.g., Will v. Michigan Dep't of Corrections, 491 U.S. 58, 66-68 (1989)

4    (holding that the Michigan equivalent to Puerto Rico's Administration of Corrections is

5    entitled to Eleventh Amendment immunity).

6

7           Finally, "a suit against a state official in his or her official capacity is not a suit

8    against the official but rather is a suit against the official's office.  As such, it is no different

9    from a suit against the state itself." Will v. Michigan Dep't of State Police, 491 U.S. at 68-

10   69.  Defendants argue that at all times the individuals named in the complaint were acting

11   within the scope of their respective offices, in their official capacities, and therefore are

12

13   immune from suit.  It is clear that the defendants acted within the scope of their offices.

14   Thus, no money damages may be paid by the Commonwealth for the acts of its agents.

15   Because the complaint fails to state a cause of action under 42 U.S.C. § 1983, because the

16

17   defendants are entitled to the defense of qualified immunity, and because the employees

18   of the Corrections Administration are immune from money damages for acts performed in

19   their official capacity, I recommend that the complaint be dismissed.  ∨

20           Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party

21

22   who objects to this report and recommendation must file a written objection thereto with

23   the Clerk of this Court within ten (10) days of the party's receipt of this report and

24   recommendation.  The written objections must specifically identify the portion of the

25

26   recommendation, or report to which objection is made and the basis for such objections.

CIVIL 98-1268 (SEC)                    9

1

2

Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474

3

U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d

4

22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir.

5

6

1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott

7

v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-

8

9     79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.

10    1980).

11
            At San Juan, Puerto Rico, this 14th day of March, 2000.
12

13

14

15                                                      JUSTO ARENAS
                                               United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26